# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Respondent,<br>vs.<br><br>JESUS JUVENAL VASQUEZ-LUJANO,<br><br>Defendant-Petitioner. | CASE NO: CR95-045-S-EJL<br>CV96-504-S-EJL<br><br>**MEMORANDUM ORDER** |

Pending before the Court in the above-entitled matter is Petitioner Jesus Juvenal Vasquez-Lujano's "Motion for Reconsideration of Judgements by this Court of 11/24/2004 and the Rejection of Status Memo on 11/1/2005" (Docket No. 503) filed on November 23, 2005. Petitioner requests the Court to reconsider its November 11, 2004 order denying the reopening of his § 2255 petition and its November 1, 2005 order rejecting Petitioner's status memo. The Petitioner claims his motion is timely pursuant to Fed. R. Civ. P. 60(b).

The Court has reviewed the law and finds the denial of the request to reopen his § 2255 petition was proper as was the order rejecting the status memo on November 1, 2005. The law is well-settled that the current Supreme Court rulings DO NOT apply retroactively to cases on collateral review. While Petitioner may find this result unfair, the courts have consistently ruled otherwise. In United States v. Cruz, 423 F.3d 117 (9th Cir. 2005), the Ninth Circuit held the United States v. Booker, ___U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) decision is not retroactive to cases on collateral review. This ruling is consistent with the earlier rulings that the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000) is not retroactive. See United States v. Sanchez-Cervantes, 282 F.3d 664 (9th Cir. 2002). It is further consistent with the rulings by the Ninth Circuit

that Blakely v. Washington, 542 U.S. 296 (2004) is not retroactive.  See Cook v. United States, 386 F. 3d 949 (9th Cir. 2004); Schardt v. Payne, 414 F.3d 1025 (9th Cir. 2005) (Blakely could not be applied retroactively on collateral review to decision that was final before Blakely was decided).  In the present case, the Petitioner's direct appeal was final prior to the issuance of the Blakely decision in June of 2004.  Therefore, the Court cannot reconsider Petitioner's sentence.

Furthermore, the Court lacks jurisdiction to resentence the Petitioner.  Rule 35(a) of the Fed. R. Crim. P.  provides for resentencing to correct clear error within seven days after sentencing ro upon a motion by the government to reduce a sentence due to substantial assistance.  Rule 36 provides for correction for clerical errors. Neither rule applies to this Petitioner's claims.

Being fully advised in the premises, the Court hereby orders the Petitioner's motion for reconsideration (Docket No. 503) is DENIED.

DATED: **February 6, 2006**

Honorable Edward J. Lodge
U. S. District Judge