# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff-Respondent,<br>vs.<br><br>JESUS JUVENAL VASQUEZ-LUJANO,<br><br>　　　　Defendant-Petitioner. | CASE NO: CR95-045-S-EJL<br>　　　　　　CV96-504-S-EJL<br><br>**MEMORANDUM ORDER** |

On February 6, 2006, this Court issued a Memorandum Order denying Defendant Jesus Juvenal Vasquez-Lujano's motion for reconsideration (Docket No. 505). On February 21, 2006, a motion for a certificate of appealability was filed by Defendant Vasquez (Docket No. 509). The Court must now decide whether a certificate of appealability should issue pursuant to 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b). Having carefully reviewed the following issues and otherwise being fully advised, the Court enters the following Order.

## Motion for Certificate of Appealability

### I.　Standard of Law

In order to pursue any appeal from the denial or dismissal for writ of habeas corpus brought by a federal prisoner under 28 U.S.C. § 2255, a petition/appellant must first obtain a certificate of appealability. See 28 U.S.C. § 2253(c);[1] Fed. R. App. P. 22(b).[2]

---

[1] 28 U.S.C. § 2253(c) provides, in pertinent part:
(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
. . .
(B) the final order in a proceeding under section 2255.

When the denial or dismissal of a habeas corpus petition is based upon the merits of the claims in the petition, a district court should issue a certificate of appealability only where the appeal presents a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c). To satisfy the "substantial showing" standard, a petitioner "must demonstrate that the issues are debatable among jurists of reason[,] that a court could resolve the issues in a different manner or that the questions are adequate to deserve encouragement to proceed further." Barefoot v. Estelle, 463 U.S. 880, 893, 103 S. Ct. 3383, 3394-95 (1983) (setting forth the standard for issuance of a certificate of probable cause, the predecessor to the certificate of appealability).

## II.   Discussion

In his motion for a certificate of appealability, Defendant argues this Court improperly denied Defendant's motion to reopen his § 2255 motion pursuant to Fed. R. Civ. P. 60(b)(5) and that the Court incorrectly ruled that Apprendi v. New Jersey, 530 U.S. 466 (2000) is not retroactive to cases on collateral review. The Court's review of the motion for a certificate of appealability is undertaken with an eye on Ninth Circuit standards regarding pro se litigants. Tucker v. Carlson, 925 F.2d 330 (9th Cir. 1991). Respectfully, the Court finds Petitioner's arguments unpersuasive.

Defendant claims this Court improperly denied Defendant's motion to reopen his § 2255 motion pursuant to Fed. R. Civ. P. 60(b)(5) and cites the Court to Gonzalez v. Crosby, ___ U.S. ___, 125 S.Ct. 2641 (2005). Rule 60(b)(5) provides the court may relieve a party from final judgment for the reason "the judgment has been satisfied, released, or discharged or a prior judgment should have prospective application." Gonzalez dealt with the application of Rule 60(b)(6), not (b)(5). In Gonzalez, the Supreme Court held if the Rule 60(b) motion is seeking to add a new "claim" by

---

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
   (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

[2] Fed. R. App. P. 22(b)(1) provides that "In a habeas corpus proceeding in which the detention complained of arises out of process issued . . . in a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justices or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c) . . ."

attacking the federal court's resolution of a habeas claim on the merits, the Rule 60(b) motion cannot circumvent the successive petition requirements of 28 U.S.C. § 2244. However, if the Rule 60(b) motion attacks "some defect in the integrity of the federal habeas proceedings" then the successive petition requirements of the AEDPA are not triggered. Clearly in this case, the Defendant's Rule 60(b) motion is really an attempt to add a new claim and circumvent the successive petition requirements of the AEDPA.

In the present case, this Court denied Defendant's original § 2255 motion in 2001 (Docket Nos.437, 438). The certificate of appealability on the § 2255 was denied by the Ninth Circuit on September 18, 2001 (Docket No. 453). Defendant filed a motion to reopen his § 2255 motion on November 22, 2004 (Docket No. 475). This motion was denied by the Court on November 24, 2004 (Docket No. 476) because Defendant was trying to add a new claim and circumvent the successive petition requirements 28 U.S.C. 2244 and the Antiterrorist and Effective Death Penalty Act of 1996 ("AEDPA"). Then Defendant filed a "Status Memo" on July 11, 2005 again seeking to reopen his § 2255 motion and add a new claim based on Blakely v. Washington, 542 U.S. 296 (2004) (Docket No. 499). This second motion to reopen his § 2255 motion was denied by the Court on November 1, 2005 (Docket No. 500). Then on November 23, 2005, the Defendant moved for reconsideration of the denial of the motions to reopen his § 2255 motion. The motion for reconsideration was denied on February 6, 2006 (Docket No. 505). Defendant now moves for a certificate of appealability regarding the denial of his motions to reopen his § 2255 motion.

The Rule 60(b) motion to reopen his § 2255 motion was not timely filed. As the Supreme Court acknowledged in Gonzalez, a Rule 60(b) motion must be made within a reasonable time. Gonzalez at 2649. The § 2255 motion was denied in 2001 and the motion to reopen pursuant to Rule 60(b) was not made until over three years later. Second, Defendant has not shown "extraordinary circumstances" justifying reopening of a final judgment. Id. The Defendant's argument that Blakely should be applied retroactively has been rejected by the Ninth Circuit. Neither United States v. Booker, ___U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) nor Apprendi v. New Jersey, 530 U.S. 466 (2000) are to be applied retroactively to cases on collateral review. In United States v. Cruz, 423 F.3d 117 (9th Cir. 2005), the Ninth Circuit held the Booker decision is not retroactive to cases on

collateral review.  This ruling is consistent with earlier rulings that the Supreme Court's decisions in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000) is not retroactive.  <u>See</u> <u>United States v. Sanchez-Cervantes</u>, 282 F.3d 664 (9th Cir. 2002).   It is further consistent with the rulings by the Ninth Circuit that <u>Blakely v. Washington</u>, 542 U.S. 296 (2004) is not retroactive.  <u>See</u> <u>Cook v. United States</u>, 386 F. 3d 949 (9th Cir. 2004); <u>Schardt v. Payne</u>, 414 F.3d 1025 (9th Cir. 2005).  Having found the law is well-settled that <u>Booker</u>, <u>Apprendi</u> and <u>Blakely</u> are not retroactive to cases on collateral review, there is no debatable issue to justify a certificate of appealability being issued in this case.

### Order

Being fully advised in the premises, the Court hereby orders the issues presented in the motion for a certificate of appealability do not support the presence of substantial grounds upon which relief can be granted and Defendant Vasquez's Motion for a Certificate of Appealability (Docket No. 509) is **DENIED.**   This matter is to be forwarded to the Ninth Circuit for its review of the denial of the certificate of appealability.

DATED: **March 15, 2006**

Honorable Edward J. Lodge
U. S. District Judge