UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JESUS JUVENAL VASQUEZ-LUJANO,<br><br>　　　　Defendant. | Case No. 1:10-cv-00071-EJL<br>　　　　1:95-cr-00045-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is Defendant Jesus Juvenal Vasquez-Lujano's Motion (Dkt. 1 in civil case)[1] to Vacate or For Reduction In Sentence under 18 U.S.C. § 3582. The government responded on March 29, 2010. The Court finds that oral argument would not significantly assist the decisional process, and will deny Defendant's motion as more fully expressed below.

## BACKGROUND

Defendant was sentenced by this Court on March 8, 1996 (Dkt. 320). Judgment was entered March 12, 1996. (Dkt. 325). Defendant has filed numerous motions to reconsider or otherwise alter his sentence (Dkts. 372, 435, 458, 460, 475, 503), including

---

[1] All docket numbers refer to those from Defendant's criminal case, 1:95-cr-00045-EJL, unless otherwise indicated.

**MEMORANDUM DECISION AND ORDER - 1**

a prior motion (Dkt. 536) to reduce his term of imprisonment under 18 U.S.C. § 3582(c)(2). The Court has denied each of Defendant's requests (Dkts. 417, 437, 462, 476, 505, 539). Defendant filed his most recent request for relief on February 8, 2010.

## DISCUSSION

A prisoner asserting the right to be released "may move the court which imposed the sentence to vacate, set aside or correct the sentence" under 28 U.S.C. § 2255(a). A second or successive motion to vacate, set aside or correct a sentence under 28 U.S.C. § 2255 must be certified by a panel of the appropriate appellate court to contain newly discovered evidence, or a new rule of constitutional law not previously available. 28 U.S.C. § 2255(h). Defendant has been advised of this requirement, but has not pursued or obtained certification from the Ninth Circuit to file a petition under § 2255. Reviewing Defendant's motion as a request under § 2255, the Court will deny the motion as failing to meet this certification requirement under § 2255(h).

Treating Defendant's request as other than a motion under § 2255, the requested sentencing reduction must still be denied. Under § 3582, a court can reduce a sentence only when two elements are satisfied: (1) the Sentencing Commission lowered the relevant sentencing range under 28 U.S.C. § 994(o); and (2) a reduction is consistent with applicable policy statements issued by the Sentencing Commission. Defendant cites Amendment 591 to the sentencing guidelines, as the basis for his sentence reduction. That amendment is listed as an amendment to be retroactively applied, in U.S.S.G. § 1B1.10. However, Amendment 591 does not affect Defendant's sentence here.

Before Amendment 591 was implemented, a sentencing judge could select an initial offense guideline based on a defendant's actual, but uncharged, conduct. Amendment 591 requires the court to select an initial offense guideline based on the offense of conviction and not on a judicial assessment of the defendant's actual conduct. *Poindexter v. United States*, 556 F.3d 87, 88 (2d Cir. 2009); *United States v. Rivera*, 293 F.3d 584, 585 (2d Cir. 2002). Although Amendment 591 directs the court as to its choice of initial offense guideline – namely that of the offense for which the defendant was convicted – the amendment did not otherwise lower the range or base offense level to be applied. *See* U.S.S.G., App. C, Amend. 591 (2003).

Examining both counts for which Defendant was convicted, the Court finds no basis to modify his sentence. Defendant was sentenced on Count Two (Drug Conspiracy) under the drug guideline § 2D1.1, and on Count Six (Illegal Reentry) under the immigration guideline § 2L1.2. However, both of these guidelines were appropriately based on the offenses for which Defendant was convicted. Where, as here, an amendment has no effect on a defendant's sentencing range, the sentencing court has not erred in its selection of the appropriate guideline. *See United States v. Townsend*, 98 F.3d 510, 513 (9th Cir. 1996) (per curiam).

The Court also rejects Defendant's contention that it improperly departed from Defendant's plea agreement with the government. Where a plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(e)(1)(C), that a specific sentence is the appropriate disposition of the case, the court may accept or reject it, but may not impose a greater sentence. *United States v. Fernandez*, 960 F.2d 771, 773 (9th Cir. 1992) (citations omitted). However, Defendant's plea agreement here was not made under Rule 11(e)(1)(C). Rather, his plea agreement (Dkt. 249) contains explicit language that "the sentence to be imposed is left solely to the discretion of the District Court" (Dkt. 249 at 4), that the charge of conspiracy to distribute carries a maximum possible penalty of life imprisonment, and that the charge of illegal reentry carries a maximum possible penalty of 20 years imprisonment (Dkt. 249 at 2). Defendant's argument that the Court inappropriately rejected terms of his plea agreement therefore fails.

Finally, although Defendant also cites Amendment 632 as a basis for reducing his sentence, that amendment is not included on the list of amendments to be applied retroactively. U.S.S.G. § 1B1.10(c). Accordingly, Amendment 632 has no effect on Defendant's sentence.

Because Defendant has failed to cite a valid basis for reducing his sentence under 18 U.S.C. § 3582 or § 2255, his motion will be denied.

## ORDER

**IT IS ORDERED THAT** Defendant's Motion to Vacate or for Reduction in Sentence (Dkt.552)(Dkt. 1 in civil case) is **DENIED**.

The civil case associated with this action shall be **DISMISSED IN ITS ENTIRETY**.

DATED: **October 11, 2011**

/s/ Edward J. Lodge
Honorable Edward J. Lodge
U. S. District Judge