UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JESUS JUVENAL VASQUEZ-LUJANO,<br><br>Defendant. | Case No. 1:95-cr-00045-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Jesus Juvenal Vasquez-Lujano's Motion for Reduction in Sentence under 18 U.S.C. § 3582(c)(1)(A). Dkt. 573. The Government opposes the motion. Dkt. 577. For the reasons that follow the Court will grant the motion.

## BACKGROUND

In March 1996, the Court sentenced Vasquez-Lujano to life in prison after he pled guilty to charges of conspiracy to distribute methamphetamine and to illegal re-entry, in violation of 21 U.S.C. §§ 841 and 846 and 8 U.S.C. § 1326(b)(2), respectively. Dkt. 320; *PSR* ¶¶ 3-4. He has been in prison since his arrest on August 30, 1995—approximately 25 years. *Def. Motion*, Dkt. 584 at 11.

Vasquez-Lujano came to the United States from Mexico as a migrant

MEMORANDUM DECISION AND ORDER - 1

worker. *Id.* at 7. Prior to his arrest in this case, Vasquez-Lujano attained several criminal convictions, including multiple DUIs, carrying a concealed weapon in 1994, and possession of 26.47 grams of cocaine with an intent to deliver in 1993. *PSR* ¶¶ 79-96.

Between 1992 and 1995, he was the leader of a multi-level drug conspiracy. *Id.* ¶ 15. Defendant and several others received marijuana, methamphetamine, and cocaine from suppliers in California, and would then distribute the drugs in Idaho. *Id.* ¶¶ 15-18. Vasquez-Lujano was ultimately held responsible for distributing over 25 kilograms of methamphetamine, 1.8 kilograms of cocaine, and 66.7 kilograms of marijuana. *Id.* ¶ 50.

Vasquez-Lujano is currently 66 years old. While incarcerated, he has had no disciplinary violations and appears to have been a model inmate. Dkt. 584-1 at 2. He has worked at UNICOR for several years and has been an excellent employee according to his supervisor. *See* Dkt. 584-2 at 1. He has also taken advantage of numerous classes offered to inmates and has successfully earned his GED and become proficient in English. Dkt. 584.1 at 3-4. He suffers from several serious health conditions including atrial fibrillation, Hepatitis C, hypertension, and peripheral vascular disease. *See* Dkt. 584.5; Dkt. 584.6.

**MEMORANDUM DECISION AND ORDER - 2**

Vasquez-Lujano initially filed a pro se motion seeking compassionate release under the First Step Act of 2018. Dkt. 573. The government filed a response opposing the motion on the grounds that Defendant failed to demonstrate "extraordinary and compelling reasons." Dkt. 577. Vasquez-Lujano filed a motion to amend his compassionate release motion to include the COVID-19 issue. Dkt. 579. He subsequently filed a motion to appoint counsel, Dkt. 582, which this Court granted. Dkt. 583. Vasquez-Lujano then filed a supplemental brief in support of sentence reduction. Dkt. 584. The Government indicated that it would stand on its briefing, and not file a supplemental response.

He argues that his age and serious health issues, coupled with the COVID-19 pandemic, constitute an extraordinary and compelling reason to support a reduction in his sentence. He also argues that the severity of his original sentence and the disparity between it and a comparable sentence today constitutes an additional extraordinary and compelling reason to grant him relief.

## LEGAL STANDARD

Vasquez-Lujano brings this motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). A motion for compassionate release may be made by either the Director of the Bureau of Prisons or by a defendant who has fully exhausted administrative remedies within the Bureau of Prisons (BOP). In order to

MEMORANDUM DECISION AND ORDER - 3

modify a sentence and grant compassionate release, a district court must engage in a three-step process. First, it must consider the 18 U.S.C. § 3553(a) factors. Second, the court must find that "extraordinary and compelling reasons warrant such a reduction." See 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission has determined that "extraordinary and compelling reasons" to release a defendant from BOP custody include (1) medical conditions which diminish the ability of the defendant to provide self-care in prison, (2) age-related deterioration, (3) family circumstances, and (4) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories. *See* USSG § 1B1.13. Third, the Court must find that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *See* 18 U.S.C. § 3582(c)(1)(A); USSG § 1B1.13.

## ANALYSIS

### A.   Vasquez-Lujano has exhausted his administrative remedies.

The Court may consider a motion for compassionate release if (1) the defendant has submitted a request to the BOP to bring a motion for compassionate release on his behalf; (2) the defendant has submitted a motion to the Court; and (3) at least 30 days have elapsed from the warden's receipt of the compassionate release request. *See* 18 U.S.C. § 3582(c)(1)(A).

Vasquez-Lujano submitted a request to the BOP to bring a motion for compassionate release on his behalf on February 18, 2020. *See* Dkt. 576 at 2. The warden failed to respond to that request within 30 days. Therefore, Vasquez-Lujano has exhausted his administrative remedies and his motion is properly before the Court.

### B. Extraordinary and compelling circumstances warrant a reduction in Vasquez-Lujano's sentence.

Vasquez-Lujano's motion and subsequent briefing establish that his age and health conditions, coupled with the COVID-19 pandemic, constitute extraordinary and compelling reasons to reduce his sentence.

Vasquez-Lujano satisfies the extraordinary and compelling reasons prong under the Sentencing Guidelines comment note 1(B): "Age of the Defendant." That provision states that age may constitute an extraordinary and compelling reason for release from BOP custody if the defendant "(i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." USSG § 1B1.13 cmt. n.1(B).

Vasquez-Lujano is 66 years old and has served 25 years in prison. He suffers from multiple serious medical conditions, including Hepatitis C, hypertension, and cardiovascular disease in the form of atrial fibrillation. The Court finds that these

MEMORANDUM DECISION AND ORDER - 5

illnesses constitute a serious deterioration in physical health because of the aging process.

COVID-19 amplifies these concerns.[1] The CDC warns that older adults are at the highest risk of contracting COVID, and that eight out of ten COVID deaths are people 65 years old and older.[2] Vasquez-Lujano's heart disease and immunocompromised state due to Hepatitis C likewise makes him more vulnerable to COVID-19.[3] The government, in opposing Defendant's motion, even acknowledged that if "Defendant exhausts and amends to include COVID-19, [the extraordinary and compelling reasons] analysis would change." Dkt. 577 at 8 n.5. Thus, the Court finds that Vasquez-Lujano's age, deteriorating health, and increased vulnerability to COVID-19 constitute extraordinary and compelling reasons to release him from BOP custody.

Further supporting the Court's decision is the fact that Vasquez-Lujano

---

[1] The Court GRANTS Defendant's Motion to Amend the COVID-19 Issue (Dkt. 579), and accordingly considers COVID-19 in its analysis.

[2] *Coronavirus Disease 2019, Older Adults*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html.

[3] *See Coronavirus Disease 2019, People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html.

received a far more severe sentence than he would likely have received today. Vasquez-Lujano was sentenced to life under sentencing guidelines that are no longer mandatory. *See United States v. Booker*, 543 U.S. 220, 227 (2005) (invalidating provisions of the Sentencing Reform Act of 1984 that made the Guidelines mandatory). Today, he would be subject to a mere ten-year mandatory minimum and would likely be sentenced under a lower guidelines range.[4]

Moreover, the Government and Defendant both note that courts in this district tend to sentence comparable or worse defendants than Vasquez-Lujano to far more lenient sentences. *See, e.g.*, *United States v. Soto-Diaz*, No. 1:19-cr-37-DCN (300 months for conspiracy to distribute methamphetamine and heroin); *United States v. Sanchez-Espinosa*, No. 1:15-cr-130-BLW (240 months for conspiracy to possess with intent to distribute methamphetamine).

### C. Consideration of the 18 U.S.C. § 3553(a) factors supports granting compassionate release in this case.

In determining whether to grant Vasquez-Lujano compassionate release under 18 U.S.C. § 3582(c)(1)(A), the Court must also consider any relevant factors

---

[4] The Court declines to make any findings regarding Vasquez-Lujano's guidelines range if he were to be sentenced today, but notes that the calculations for his base offense level, acceptance of responsibility, and criminal history category may well have put him in a lower sentencing range.

**MEMORANDUM DECISION AND ORDER - 7**

set forth under 18 U.S.C. § 3553(a). *See* U.S.S.G. § 1B1.13. The government does not dispute that the § 3553(a) factors support Vasquez-Lujano's release. *See* Dkt. 577 at 6-7 ("The need for deterrence beyond [the time already served by Defendant], especially in the face of good behavior and apparent reform, is difficult to articulate at this point."). Thus, the Court finds that the § 3553(a) factors support the requested sentence reduction.

### D. Vasquez-Lujano is not a danger to the safety of any person or to the community.

Finally, the Court finds that Vasquez-Lujano does not present a danger to the safety of any person or to the community. Vasquez-Lujano has already served 25 years, and in that time he has demonstrated an outstanding work ethic, has had no disciplinary violations, and has attained a GED. Upon release, he will be removed to Mexico where he has family members waiting to provide him with housing, financial support, and a job. *See* Dkt. 584 at 15-16.

Accordingly, the Court finds that Vasquez-Lujano is entitled to compassionate release under 18 U.S.C. § 3582(c)(1)(A).

## ORDER

**IT IS ORDERED** that:

1. Defendant's Motion to Reduce Sentence (Dkt. 573) is **GRANTED**.

2 Defendant's sentence is reduced to a sentence of time served pursuant to 18

**MEMORANDUM DECISION AND ORDER - 8**

U.S.C. § 3582(c)(1)(A).

3. The Bureau of Prisons shall release the Defendant, Jesus Juvenal Vasquez-Lujano, as soon as possible. Upon release from BOP custody he shall enter the custody of Immigration and Customs Enforcement pursuant to his underlying detainer.

4. Defendant's Motion to Amend the COVID-19 Issue (Dkt. 579) is GRANTED.

DATED: October 29, 2020

B. Lynn Winmill
U.S. District Court Judge